UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| DANNY CARTER | CIVIL ACTION NO. 09-687-P |
| VERSUS | JUDGE STAGG |
| WARDEN JERRY GOODWIN | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Danny Carter, pursuant to 28 U.S.C. § 2254. This petition was received and filed in this Court on April 23, 2009. Petitioner is incarcerated in the David Wade Correctional Center in Homer, Louisiana. He challenges his state court conviction. Petitioner names Warden Jerry Goodwin as respondent.

In June 2000, Petitioner was convicted of attempted first degree murder in the Louisiana First Judicial District Court, Parish of Caddo. He was sentenced to 40 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on May 9, 2001. State v. Carter, 34,677 (La. App. 2 Cir. 5/9/01), 787 So.2d 509. The Supreme Court of Louisiana denied Petitioner's application for writs of review on May 3, 2002. State v.

Carter, 815 So.2d 93, 2001-1707 (La. 5/3/02).

In support of this petition, Petitioner alleges (1) the evidence proves his actual and factual innocence, and (2) La. C.Cr.P. art 930.8 is inapplicable because of newly discovered evidence.

Petitioner's claims were not properly exhausted through the appropriate state courts. Petitioner filed an application for post-conviction relief in the trial court on August 8, 2007. The trial court denied his application for post-conviction relief on October 16, 2007 as being an untimely filing because it was "filed more than two (2) years from the finality of his conviction." In March 2008, Petitioner sought supervisory review in the Louisiana Second Circuit Court of Appeal. On May 22, 2008, the Louisiana Second Circuit Court of Appeal denied Petitioner's writ application as untimely. The Court of Appeal found that Petitioner failed to prove the exceptions to La. C.Cr.P. art. 930.8 were applicable to his case. The Court of Appeal further found that Petitioner had not shown that the facts upon which his claims were predicated were not known to him or his attorney. In June 2008, Petitioner sought writs of review in the Supreme Court of Louisiana. On March 27, 2009, the Supreme Court of Louisiana dismissed his application for post-conviction relief pursuant to Louisiana's procedural bar La. C.Cr.P. art. 930.8. State ex rel. Carter v. State, 2008-1435 (La. 3/27/09).

On June 11, 2009, Petitioner was ordered to demonstrate cause for his failure to present these claims to the appropriate state courts and actual prejudice as a result of the alleged assignments of error or to demonstrate that this Court's failure to consider his claims

will result in a fundamental miscarriage of justice. [Doc. 5]. On July 8, 2009, Petitioner filed a response in which he argues that the evidence and testimony used to convict him was tainted and false. Petitioner claims there was no tangible evidence linking him to the crime. He further claims he was unjustly convicted because the actual shooter only received a five year sentence. Petitioner claims evidence should have been gathered and tested from the alleged crime scene and disposal of evidence site. He claims the fact the evidence was not gathered and tested is a Brady violation. He claims this is proof of his actual or factual innocence. Petitioner further claims the lead investigator testified that there was no concrete tangible evidence that demonstrated he was guilty beyond a reasonable doubt. He claims the State failed to produce and/or the crime scene investigator failed to find blood samples, tire impressions, foot print impressions, fingerprints, DNA samples, soil samples, crime scene lab reports, gunshot residue samples from all subjects, clothing samples and test results, reports from investigations of the cars used, and trash samples and analysis. [Doc. 6].

For the reasons stated below, Petitioner's complaint should be dismissed.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. Rose v. Lundy, 455 U.S.

509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct.509, 30L.Ed.2d 438, 443 (1971); Rose v. Lundy, supra. When, however, state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995). Assuming the state procedural bar operates as an independent and adequate state ground, the procedural default doctrine applies, and federal review is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Sones v. Hargett, 61 F.3d at 418, citing Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's [or petitioner's] efforts to develop the "factual or legal basis of the claim." Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Objective factors that constitute cause include "interference by officials" that makes compliance with the state procedural rule impracticable and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." Id.

The Supreme Court has long held that comity concerns dictate that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. Coleman, 501 U.S. at 731; Rose v. Lundy, 455 U.S. 509,518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. The independent and adequate state ground doctrine ensures that the State's interest in correcting their own mistakes is respected in all federal habeas cases. In the absence of the independent and adequate state ground doctrine, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. Id. While subject to rebuttal by the petitioner, the procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." Sones, 61 F.3d at 416.

Petitioner argues his claims are not procedurally barred because they are based on newly discovered evidence. In this case, Petitioner can fault only himself for his failure to "fairly present" his federal habeas claims to the Louisiana Courts. Petitioner has not demonstrated in his pleadings the existence of any objective factor external to the defense that impeded his, or counsel's, ability to raise the claims at an earlier time. Furthermore, he fails to demonstrate that his claims were not known to him at the time of trial. Also, he has

failed to allege that any evidence which actually exists proving his innocence was denied him.

Because Petitioner has failed to make a showing of cause, the procedural default rule applies, without the necessity of considering whether the alleged constitutional error caused actual prejudice. Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986)); Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995). Furthermore, Glover v. Cain, 128 F.3d 900 (5th Cir. 1997) clearly establishes that La. C.Cr.P. art. 930.8 is an independent and adequate state ground for rejecting an application for post-conviction relief.

There is a narrow exception to the "cause" requirement which allows the court to consider a claim otherwise abusive. If the petitioner can demonstrate that the alleged constitutional violation probably has caused the conviction of an innocent person and the failure to entertain the claim would result in "a fundamental miscarriage of justice," the court may consider the claim. Murray v. Carrier, supra. The question whether there has been a miscarriage of justice "is concerned with actual as compared with legal innocence." Sawyer v. Whitley, 505 U.S. 333, 339-342, 112 S.Ct. 2514, 2519-20, 120 L.Ed.2d 269 (1992). "The term 'actual innocence' means factual, as opposed to legal, innocence --'legal innocence', of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence . . . means that the person did not commit the crime." Johnson v. Hargett, 978 F.2d 855, at 859, (5th Cir. 1992).

To fall within the actual innocence exception, a habeas petitioner must show that the

trier of facts would have entertained a reasonable doubt of his guilt. Kuhlmann v. Wilson, 477 U.S. 436, at 454 n. 17, 106 S.Ct. 2616, at 2627 n. 17. To establish actual innocence, a petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Fairman v. Anderson, 188 F.3d 635 (5th Cir. 1999)(citing Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct.851, 130 L.Ed.2d 808 (1995)). Petitioner has not provided any new and reliable evidence of his innocence.

Furthermore, the Louisiana Courts found that the evidence was sufficient to support Petitioner's conviction beyond a reasonable doubt. The Louisiana Second Circuit Court of Appeal found the following:

> The jury was able to evaluate the reasons Pine and Smith were initially reluctant to cooperate with the police, Pine's contradictory letter and statement, and to balance their credibility with the other witnesses and the physical evidence. "The trier of fact makes credibility determinations, and may, within the bounds of rationality, accept or reject the testimony of any witnesses." State v. Hampton, 98-0331, (La.4/23/99), 750 So.2d 867, 880, cert. denied, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 390 (1999). Accordingly, the jury was entitled to accept their sworn testimony at trial.

> In addition, the evidence is sufficient to support the conviction beyond a reasonable doubt. Prior to the shooting, Carter picked up a sawed-off shotgun from his house, announcing specifically that he was going to shoot a "n----." Carter and Jack Pine had Anita Pine phone the victim, an African-American, and tell him to meet her at a secluded location, demonstrating premeditation. Carter then shot the victim in the face and beat him, demonstrating an intent to kill. Shephard identified Pine by his

>voice when Pine asked if the victim was dead, showing that Carter was the shooter. At the scene, the victim saw Carter, whom he knew, from the side. The two men stole property from Shephard's vehicle, proving beyond a reasonable doubt that the shooting was perpetrated during an armed robbery. The men admitted to Smith that they took the shaving kit because they believed it contained drugs or money. Carter also made incriminating statements after returning to where he left Shephard for dead and hoping to rob the body; while there, he pointed out to Smith where he shot the victim.

State v. Carter, 34,677 (La. App. 2 Cir. 5/9/01), 787 So.2d 509. Thus, the evidence of Petitioner's guilt is overwhelming.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for habeas corpus relief be **DENIED**, and that this action be **DISMISSED WITH PREJUDICE**.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(c) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and

recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253©; F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED** in chambers at Shreveport, Louisiana, this 13th day of December 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE